The Honorable Stanley Russ State Senator P.O. Box 787 Conway, Arkansas 72032
Dear Senator Russ:
This is in response to your request for an opinion on the following question:
 May quorum courts levy a twenty percent (20%) gross receipts tax upon bingo operations?
It is my opinion that the answer to your question is "no."
As you have noted, Act 939 of 1993 levies a statewide twenty percent gross receipts tax on "the total gross receipts derived from the retail sale of any device used in playing bingo, and any charge for admittance to a bingo game. . . ." You indicate that after passage of this act, you have received inquiries from local quorum court members as to the authority of the county to take similar action through the local legislative process.
It is my opinion that counties do not currently possess the authority to levy a gross receipts tax on bingo operations. This conclusion is compelled by at least two Arkansas statutes. Section 14-14-806 of the Arkansas Code is entitled "Powers requiring state delegation," and provides in pertinent part as follows:
 Each county quorum court in the State of Arkansas exercising local legislative authority is prohibited the exercise of the following powers:
 (1) The legislative power to authorize a tax on income or the sale of goods or services. . . .
* * *
 (4) The legislative power to regulate any form of gambling, lotteries or gift enterprises. [Emphasis added.]
County quorum courts are thus prohibited from levying any taxes on the sale of goods or services, except as specifically authorized by the General Assembly. They are also prohibited from "regulating" any form of gambling or lotteries. A similar restriction on the taxing power of quorum courts is found at A.C.A. § 26-73-103(g) (1987). This subsection provides that "Until otherwise authorized by the General Assembly, cities and counties shall have no authority to levy any new sales or use taxes after April 1, 1977."
A county tax similar to the one levied by Act 939 of 1993 would be a "sales tax," and would therefore be prohibited by both A.C.A. § 14-14-806(1) and A.C.A. § 26-73-103(g). In my opinion Act 939 of 1993 does not grant any authority to counties which would override these provisions.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh